## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

EXZETTA Y. STEELE              )
           **Plaintiff,**     )
                     )
**v.**                         )     **Case No.**
                     )
**CITY OF TOPEKA, KANSAS**   )
           **Defendant.**    )

## COMPLAINT
## JURY TRIAL DEMANDED

1. This action for monetary relief is brought by the Plaintiff, Exzetta Y. Steele, to redress violations of rights secured by the United States Constitution and the laws of the United States of America.

2. This action arises under the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et. seq.* (hereinafter Title VII), The Kansas Act Against Discrimination, K.S.A. 44-1001 *et. seq.* (hereinafter KAAD), and the Kansas Age Discrimination in Employment Act, K.S.A. 44-1111 *et. seq.* (hereinafter KADEA).

3. This Court has jurisdiction to hear this matter under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3). This Court has supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(b).

4. The unlawful practices and actions alleged below were committed within the State of Kansas and venue is properly in this Court under 28 U.S.C. § 1391(b).

5.  Plaintiff has exhausted her administrative remedies. Plaintiff timely filed a charge of discrimination in writing with the Equal Employment Opportunity Commission and the Kansas Human Rights Commission. Plaintiff received a "Right to Sue" letter (attached) dated December 3, 2013. This action is brought within the ninety (90) day statutory period for filing.

6.  Plaintiff is an employee within the meaning of Title VII, 42 U.S.C. §2000e(f), KAAD, K.S.A. 44-1002(c). Plaintiff is a person under KADEA, K.S.A. 44-1112(i).

7.  Plaintiff, an African-American, is a member of a protected class.

8.  Plaintiff, a female, is a member of a protected class.

9.  Defendant is an employer within the meaning of Title VII, 42 U.S.C. §2000e(b), KAAD, K.S.A. 44-1002(b) and KADEA, K.S.A. 44-1112(d) .

10. Plaintiff has been employed by Defendant since June 1998 with periods of non-employment during times that are not relevant to this lawsuit.

11. Plaintiff was employed by Defendant's Public Works Utilities & Transportation Division (PWUTD) as an Infrastructure Support Manager/Street Rehabilitation and Maintenance Manager, from approximately November 27, 2010, to approximately April 29, 2011.

12. Plaintiff was qualified for the position she held with PWUTD.

13. On information and belief, Plaintiff was the first female employed in a management position in the PWUTD.

14. At approximately the same time Plaintiff was hired as a manager, four males were hired to work at the PWUTD. On information and belief, these individuals remain employed in the PWUTD.

15. Plaintiff, while employed as a PWUTD manager was subjected to intentional disparate treatment in terms and conditions of employment that were materially different than similarly-situated PWUTD employees who were Caucasian and Hispanic-American males. Such treatment included, but was not necessarily limited to Plaintiff's exclusion from work-related meetings, planning sessions and lunches.

16. While Plaintiff was employed as a manager in PWUTD she was subjected to intentional disparate training compared to similarly-situated Caucasian and Hispanic-American male employees.

17. While Plaintiff was employed as a manager in PWUTD the working environment took on hostile characteristics including statements she perceived as racist and sexist.

18. Pursuant to the Defendant's policy on workplace discrimination, Plaintiff notified her supervisor about disparate conditions of employment, including such related to treatment and training, that she perceived were racial and/or gender in origin. On information and belief, no investigation was initiated as a result of the notification to her supervisor.

19. Pursuant to the Defendant's policy on workplace discrimination, Plaintiff notified the Defendant's Human Resources Department personnel about disparate conditions of employment, including such related to treatment and training, that she perceived were racial and gender in origin. On information and belief, no investigation was initiated as a result of the notification to her supervisor.

20. Plaintiff resigned from her position on or around April 18, 2011, as a manager in PWUTD because of the persistent, systemic pattern of intentional discriminatory conduct, as alleged above.

21. Plaintiff's resignation was constructive in nature and was caused by gender and/or race discrimination that manifested in, *inter alia*, disparate treatment, and sexist and racist statements in the workplace.

22. Subsequent to Plaintiff's resignation from PWUTD she took a non-management position as Defendant's Fire Management Accounting Specialist II. This was a demotion based on the fact that it resulted in a reduction in pay, benefits and status.

23. Plaintiff was also subjected to disparate treatment based on her demotion related reduction in pay that a similarly-situated Hispanic-American male employee, who was demoted around the same time as Plaintiff, was not required to take.

24. Subsequent to her constructive resignation, Plaintiff's PWUTD management position was filled by a Caucasian male.

25. Defendant's failure to investigate Plaintiff's reports of gender-based disparate treatment was a manifestation of Defendant's systemic adherence to an historical informal policy in the PWUTD of exclusion of females from management positions.

26. The manifestation of the Defendant's informal policy of discrimination in the PWUTD was also evidenced by statements by Plaintiff's supervisor, a male Caucasian, that there was an expectation she would fail as a manager in PWUTD because of her gender.

27. The circumstances related to the Plaintiff's disparate treatment and training and constructive resignation and demotion, including but not necessarily limited to, perpetuation of disparate treatment, perpetuation of a hostile working environment and the Defendant's failure to investigate Plaintiff's reports of disparate treatment and training, raise an inference of discrimination and, in fact, were discriminatory.

28. Plaintiff has suffered actionable economic and non-economic damages caused by the workplace race and gender discrimination she experienced while employed at the Defendant's PWUTD.

## REQUEST FOR RELIEF

Plaintiff respectfully prays this Court:

29. Order the Defendant to compensate the Plaintiff for her economic and noneconomic damages sustained as a direct and proximate result of Defendant's discriminatory conduct in an amount in excess of $75,000.00.

30. Order the Defendant to pay Plaintiff's costs and fees related to this action.

31. Grant such additional relief as this Court may deem just and proper in the premises.

Respectfully submitted,

Robert V. Eye, KS Sup. Ct. No. 10689
Kelly Trussell, KS Sup. Ct. No. 23161
Brett Jarmer, KS Sup. Ct. No. 23283
Robert V. Eye Law Office, LLC
Suite 200
123 SE 6th Ave.
Topeka, Kansas 66603
Ph. 785-234-4040
Fax 785-234-4260
bob@kauffmaneye.com

## DEMAND FOR JURY TRIAL

The Plaintiff and hereby demands a jury trial as permitted by applicable law.

Robert V. Eye, Ks. Sup. Ct. No. 10689

## DESIGNATION OF PLACE OF TRIAL

The Plaintiff and hereby designates Kansas City, Kansas as the place of trial of

this action.

Robert V. Eye, Ks. Sup. Ct. No. 10689



**U.S. Department of Justice**

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
2013 7004

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson , EMP, PHB, Room 4239*
*Washington, DC 20530*

December 3, 2013

Ms. Exzetta Y. Steele
c/o Robert V. Eye, Esquire
Law Offices of Kauffman & Eye
*The Dibble Building*
123 SE 6th Ave., Ste. 200
Topeka, KS  66603

Re:  EEOC Charge Against City of Topeka, Kansas
     No. 28D201100672

Dear Ms. Steele:

     Because you filed the above charge with the Equal Employment
Opportunity Commission, and more than 180 days have elapsed since the date
the Commission assumed jurisdiction over the charge, and no suit based
thereon has been filed by this Department, and because you through your
attorney have specifically requested this Notice, you are hereby notified
that you have the right to institute a civil action under Title VII of the
Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against
the above-named respondent.

     If you choose to commence a civil action, such suit must be filed in
the appropriate Court within 90 days of your receipt of this Notice.

     The investigative file pertaining to your case is located in the EEOC
St. Louis District Office, St Louis, MO.

     This Notice should not be taken to mean that the Department of
Justice has made a judgment as to whether or not your case is meritorious.

                              Sincerely,

                              Jocelyn Samuels
                              Acting Assistant Attorney General
                              Civil Rights Division

                         by   *Karen J. Ferguson*

                              Karen L. Ferguson
                              Supervisory Civil Rights Analyst
                              Employment Litigation Section

cc: St. Louis District Office, EEOC
    City of Topeka, Kansas