**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

EXZETTA Y. STEELE,

*Plaintiff,*

vs.

Case No. 2:14-cv-02094-EFM-GLR

CITY OF TOPEKA, KANSAS,

*Defendant.*

**MEMORANDUM AND ORDER**

Plaintiff Exzetta Y. Steele ("Plaintiff") seeks monetary damages from her employer, City of Topeka, Kansas ("Defendant"), for alleged employment discrimination. This matter is before the Court on Defendant's Motion to Dismiss (Doc. 4). For the reasons stated below, Defendant's motion is granted in part and denied in part.

## I. Factual and Procedural Background

Plaintiff's complaint sets forth the following facts. Plaintiff, an African-American female, was employed by Defendant's Public Works Utilities and Transportation Division ("PWUTD") as an Infrastructure Support Manager/Street Rehabilitation and Maintenance Manager from approximately November 27, 2010, to April 29, 2011.

Plaintiff alleges that, while employed as a PWUTD manager, she was subjected to intentional disparate treatment in the terms and conditions of her employment that were

materially different than similarly situated Caucasian and Hispanic-American male employees. Plaintiff claims that she was excluded from work-related meetings, planning sessions, and lunches. Plaintiff further alleges that the PWUTD working environment became racist, sexist, and hostile. Pursuant to Defendant's policy on workplace discrimination, Plaintiff notified her supervisor as well as Defendant's Human Resources Department regarding the disparate conditions and perceived discrimination. Plaintiff alleges that no investigation was initiated as a result of her internal complaints. Plaintiff resigned from her position with the PWUTD on or around April 18, 2011. Subsequent to this resignation, Plaintiff accepted a non-management position as an Accounting Specialist II in Defendant's Fire Department. Plaintiff alleges that this position caused her to suffer a reduction in pay, benefits, and status.

Plaintiff filed this Complaint against Defendant on February 28, 2014, alleging employment discrimination and constructive discharge. Defendant now seeks to dismiss Plaintiff's claims in their entirety.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[1] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[2] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged

[1] FED. R. CIV. P. 12(b)(6).

[2] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009).

misconduct.[3] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of the claims as well as the grounds upon which each claim rests.[4] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[5] Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[6] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[7]

## III. Analysis

Plaintiff alleges that Defendant engaged in employment discrimination which ultimately led to her constructive discharge by: (1) perpetuating the disparate treatment associated with her being a female and African-American employee, (2) perpetuating a hostile working environment replete with racial and sexual discrimination, and (3) failing to investigate her reports of this disparate and discriminatory treatment.[8]

In response, Defendant argues that: (1) Plaintiff's Complaint generally lacks sufficient factual allegations, and (2) Plaintiff's claim is legally deficient in that her alleged constructive

---

[3] *Iqbal*, 566 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[4] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (internal citations omitted); *see also* FED. R. CIV. P. 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief.").

[5] *Iqbal*, 556 U.S. at 678-79.

[6] *See id.* at 678. ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.").

[7] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

[8] Complaint, Doc. 1, p. 4.

discharge is insufficient to establish an adverse employment action. Defendant's arguments are without merit.[9]

**Plaintiff Pleaded Sufficient Factual Allegations to Support her Federal Claims**

Plaintiff's federal claims arise out of Title VII of the Civil Rights Act of 1964 which states:

> It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.[10]

To survive a motion to dismiss on a claim of race or gender discrimination, a plaintiff must effectively plead the following: "(1) the plaintiff belongs to some protected class, (2) the plaintiff was qualified for the position or benefit at issue, (3) the plaintiff suffered an adverse employment action, and (4) the plaintiff was treated less favorably than others."[11] A plaintiff must also plead that she is an employee within the meaning of Title VII, 42 U.S.C. 2000e(f) and that the Defendant is an employer within the meaning of Title VII, 42 U.S.C. 2000e(b).[12]

Plaintiff has effectively pleaded all elements of a Title VII employment discrimination claim. The Court notes that Defendant does not challenge the fact that Plaintiff is a member of a protected class, was qualified for the position at issue, was treated less favorably than other

[9] Defendant argues that Plaintiff alleges both a hostile work environment and an employment discrimination claim. Because Plaintiff and Defendant only discuss the elements and factors associated with the employment discrimination claim, and because Plaintiff has not plead all of the necessary elements of a hostile work environment claim, the Court will interpret Defendant's Motion to Dismiss as challenging Plaintiff's sole claim of employment discrimination. *See Asebedo v. Kansas State University*, 2014 WL 998417, at *2 (10th Cir. March 17, 2014).

[10] 42 U.S.C. § 2000e, *et seq.*

[11] *Exum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1134 (10th Cir. 2004).

[12] *See Shelby v. Mercy Reg'l Health Ctr.*, 2009 WL 1067311 (D. Kan. April 21, 2009) (Plaintiff failed to state a claim against defendant by not pleading that defendant was an "employer' as defined by Title VII).

similarly situated employees, or that she was Defendant's employee. Rather, Defendant's sole issue lies with Plaintiff's claim of an adverse employment action. Plaintiff alleges that her "constructive resignation" constitutes an adverse employment action as that term is defined for purposes of Title VII litigation. Defendant challenges this allegation, arguing that "in order to satisfy the requirements for a constructive discharge, the employee asserting such a claim must demonstrate that he or she has resigned or quit his or her job."[13] Therefore, Defendant argues, because Plaintiff remains employed by the City of Wichita she has failed to sufficiently plead constructive discharge.

"Constructive discharge occurs when an employer unlawfully creates working conditions so intolerable that a reasonable person in the employee's position would feel forced to resign."[14] Constructive discharge satisfies the requirement of an adverse employment action.[15] Although this "objective intolerability" standard in constructive discharge cases is quite high, this case is still at the pleading stage.[16] As discussed above, when considering a motion to dismiss, the Court must accept as true all well-plead factual allegations in the complaint.[17] Here, Plaintiff included sufficient factual allegations that she was constructively discharged.

---

[13] Defendant's Motion to Dismiss, Doc. 5, p. 6.

[14] *Lockheed Martin Corp. v. Admin. Review Bd.*, 717 F.3d 1121, 1133 (10th Cir. 2013) (quoting *Strickland v. United Parcel Serv., Inc.*, 555 F.3d 1224, 1228 (10th Cir. 2009). *See also Exum*, 389 F.3d at 1135 (stating that "[w]orking conditions must be so severe that the plaintiff simply had no choice but to quit.").

[15] *See Fischer v. Forestwood Co.*, 525 F.3d 972, 979 (10th Cir. 2008).

[16] *Rollins v. American Airlines, Inc.*, 279 Fed. App'x 730, 734 (10th Cir. 2008).

[17] *Iqbal*, 556 U.S. at 678-79.

Plaintiff pleaded that while she was working as a manager in PWUTD "the working environment took on hostile characteristics."[18] She further pleaded that she notified her supervisor and Defendant's Human Resources Department about these conditions and these individuals failed to remedy the situation.[19] Plaintiff described the hostile environment in her Complaint as including sexist and racist statements in the workplace, disparate training and treatment, and an "informal policy of discrimination" as evidenced by "statements by Plaintiff's supervisor, a male Caucasian, that there was an expectation she would fail as a manager in PWUTD because of her gender."[20] Plaintiff also noted that while she was employed as a PWUTD manager, she was "subjected to intentional disparate treatment in terms and conditions of employment that were materially different than similarly-situated PWUTD employees who were Caucasian and Hispanic-American males."[21] In support of this contention, Plaintiff claimed that she was excluded from work-related meetings, planning sessions, and lunches, and was subjected to intentional disparate training.[22]

Defendant argues that Plaintiff cannot claim constructive discharge because she remains employed by Defendant. In support of this claim, Defendant cites several Tenth Circuit cases, each of which features an employment discrimination plaintiff who has ceased working for the defendant employer. The Court recognizes that in the vast majority of employment discrimination cases involving constructive discharge, the plaintiff will have ceased working for

[18] Complaint, Doc. 1, p. 3.

[19] Complaint, Doc. 1, p. 3.

[20] Complaint, Doc. 1, p. 4.

[21] Complaint, Doc. 1, p. 3.

[22] Complaint, Doc. 1, p. 3.

the defendant employer. However, Defendant has not provided, nor has the Court found, any case that directly *requires* an individual to cease working for his or her employer to bring a claim of constructive discharge.[23] Plaintiff has effectively pleaded the existence of an adverse employment action.

Defendant alternatively argues that Plaintiff's resignation was voluntary in nature and therefore cannot qualify as a constructive discharge.[24] The Court agrees with Defendant that "a Plaintiff who voluntarily resigns cannot claim that he or she was constructively discharged."[25] However, the voluntariness of a plaintiff's resignation is the lynchpin of a constructive discharge claim and is a question of fact that cannot be decided at the pleading stage of litigation.[26] Plaintiff has met her burden to survive a motion to dismiss, and Defendant's Motion to Dismiss must be denied.

**Plaintiff Failed to Allege Exhaustion of Administrative Remedies as to her State Claims**

Plaintiff's state law claims arise out of the Kansas Act Against Discrimination, K.S.A. 44-1001 *et. seq.*, and the Kansas Age Discrimination in Employment Act, K.S.A. 44-1111 *et. seq.* As Plaintiff concedes, these state law claims should be dismissed for failure to exhaust state administrative remedies.[27]

---

[23] Defendant seems to concede this point, albeit unintentionally, by stating that "courts have not analyzed the degree of separation from the employer because in the vast majority of constructive discharge cases, the employee's resignation completely terminates the employer-employee relationship. . . . The dearth of case law on this issue explains why the degree of separation from the employer has not been dispositive in any previous constructive discharge case." Defendant's Reply, Doc. 9, p. 4.

[24] Defendant's Reply, Doc. 9, p. 3.

[25] Defendant's Reply, Doc. 9, pp. 3-4.

[26] *See, e.g.*, *Green v. Potter*, 2012 WL 2693523, at *3-4 (D. Colo. July 12, 2011) (finding plaintiff pleaded sufficient facts for constructive discharge to survive a motion to dismiss).

[27] Plaintiff's Opposition, Doc. 8, p. 8.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 4) is hereby **GRANTED IN PART, DENIED IN PART**.

**IT IS SO ORDERED**.

Dated this 29th day of July, 2014.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE